UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE D METZ, 2 ,

    Plaintiff,

v.                                        Case No.:  2:19-cv-424-FtM-38MRM

FNU MATOS and MANDY HINES,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Defendant Mandy Hines' Motion to Dismiss (Doc. 13).[2] Plaintiff George Metz never responded and the time to do so passed. For the following reasons, the Court grants the Motion in part.

## **BACKGROUND**[3]

Metz went to the county administration building in Desoto County, Florida to investigate a posted "no recording" sign. (Doc. 1 at 4). Inside, someone (presumably a county employee) approached and told him to leave. (Doc. 1 at 4). So Metz walked into a hallway, where Hines "informed" him "that she wanted [him] out of the building." (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] In the Complaint (Doc. 1), Plaintiff misspelled Hines last name. This is the correct spelling. (Doc. 13 at 1 n.1).
[3] These are the Complaint's facts, which the Court accepts as true at this stage of the case. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

1 at 4).  After leaving the building, Metz had an encounter with Defendant Frank Matos, but those allegations are not relevant to Hines.  (Doc. 1 at 4).

Hines is the County Administrator.  (Doc. 1 at 2).  Metz brings a 42 U.S.C. § 1983 action against Hines in her individual capacity.  (Doc. 1 at 2-3).  According to Metz, his First and Fourth Amendment rights were violated.  (Doc. 1 at 3).  And both Defendants "used the Florida trespass statute to restrict [his] access and right to record."  (Doc. 1 at 4).  Now, Hines moves to dismiss. (Doc. 13).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

## DISCUSSION

Hines makes several arguments for dismissal.  (Doc. 13).  But there is no need to reach the Motion to Dismiss because the copy of the Complaint filed on the docket appears incomplete.  The Complaint is a pro se form, which are available on the United States Courts' website.  Pro se litigants are encouraged to use those forms.  Yet the Complaint was printed with several fields collapsed.  As a result, the Court cannot see all of Metz's allegations.  This is particularly problematic here because Section II.B. (where

Metz lists his rights violated) and Section II.D. (where Metz alleges how Hines acted under color of law) are incomplete. Each section ends with an incomplete sentence followed by a small "plus" icon, which generally indicates a section can be expanded to see additional writing. Without the full pleadings, neither Hines nor the Court can tell the extent of the claims and allegations against Hines. So the Court dismisses the Complaint without prejudice. *See Taschner v. Freeman Decorating Servs.*, No. 6:14-cv-1622-Orl-22DAB, 2014 WL 5472536, at *2-3 (M.D. Fla. Oct. 23, 2014) (dismissing an incomplete pro se form complaint with leave to refile). Metz can refile a complete amended complaint within two weeks.

Even though the Court does not address the merits of the Motion to Dismiss (Doc. 13), it raises several arguments of which Metz should be mindful when drafting his amended complaint. While pro se pleadings are given more leniency than attorney pleadings, the Court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted). The Court always encourages litigants to retain counsel. *E.g.*, *Jordan v. U.S. Dep't of Educ.*, No. 2:17-cv-683-FtM-99CM, 2018 WL 7502038, at *7 (M.D. Fla. May 8, 2018). But if Metz decides to proceed pro se, the Court directs him to the "Litigants without Lawyers" section of the Middle District's website: www.flmd.uscourts.gov/litigants-without-lawyers.[4]

Accordingly, it is now

**ORDERED:**

---

[4] A great resource is the "Guide for Proceeding Without A Lawyer," available at www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-guide-for-proceeding-without-a-lawyer.pdf.

1. Defendant's Motion to Dismiss Complaint (Doc. 13) is **GRANTED in part**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. Plaintiff may **FILE** an amended complaint **on or before October 22, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of October, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record