UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE D METZ, 2 ,

    Plaintiff,

v.                                                  Case No.: 2:19-cv-424-FtM-38MRM

MANDY HINES,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Mandy Hines' Motion to Dismiss Amended Complaint (Doc. 25). Plaintiff George Metz never responded.

## **BACKGROUND**[2]

Metz went to the County Administration Building in Desoto County, Florida to investigate a "no recording" sign. Inside, a County employee approached and told Metz to leave. So Metz walked into a hallway, where Hines "informed" Metz "that she wanted [him] out of the building." (Doc. 24 at 4). At some point, the police arrived. And Hines told the police Metz "should be punched in the throat." (Doc. 24 at 4).

Hines is the County Administrator. Metz brings a 42 U.S.C. § 1983 action against Hines in her individual capacity. According to Metz, Hines violated his First and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts pled, which the Court accepts as true at this stage of the case. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Fourteenth Amendment rights. Specifically, she "acted under color of state law by using the trespass statute to remove [him] from" the Administration Building. (Doc. 24 at 4).

The operative pleading is the Amended Complaint. (Doc. 24). A few weeks ago, the Court dismissed Metz's original complaint because it appeared the copy on the docket was incomplete. (Doc. 23).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

The Amended Complaint is insufficient, so it is dismissed. Metz, however, will have one last chance to amend.

**A. Factual Deficiencies**

To start, Hines' argument that these factual allegations cannot state a claim are well taken. The only factual allegations against Hines are that she wanted him out of the Administration Building and told a police officer Metz should be punched in the throat. Taken as true, those facts alone are likely not enough to support the alleged claims. In short, the barebones allegations do nothing to state plausible claims for the general and

abstract constitutional violations alleged. *See Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). While held to a lesser standard, a *pro se* complaint must still plead some facts to support a facially plausible claim. *E.g.*, *Gilliam v. U.S. Dep't of Veterans Affairs*, 2:16-cv-255-FtM-29UAM, 2019 WL 1383156, at *1 (M.D. Fla. Mar. 27, 2019). When amending, Metz should provide enough facts to put Hines on notice of the basic facts supporting the claims.

## B. Qualified Immunity

Even if the Court looked past these inadequacies, however, the Amended Complaint should be dismissed because Hines has qualified immunity based on these facts.

The Supreme Court "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). "Although 'the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be raised and considered on a motion to dismiss.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (alteration accepted) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)), *petition for cert. filed*, (Nov. 22, 2019). "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Id.* (quoting *St. George*, 285 F.3d at 1337).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson*, 555

U.S. at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (internal quotation marks and citation omitted).

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) (internal quotation marks and citation omitted). Essentially, this boils down to "whether the actions are of a type that fell within the employee's job responsibilities." *Id.* (internal quotation marks and citation omitted). There are two parts to this inquiry: whether the defendant "was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Id.* (citation omitted).

Hines is the County Administrator, and Metz alleges she was acting in that capacity during at the time of their encounter. Under municipal law, Hines has the power to "[s]upervise the care and custody of all County property." Desoto County Code § 2-15(g). Thus, it is clear Hines was acting within her discretionary authority when telling Metz she wanted him out of the Administration Building. *See Carruth*, 942 F.3d at 1054. So Hines raised a valid qualified immunity defense. *Id.*

"To overcome a qualified immunity defense, the plaintiff must make two showings." *Corbitt*, 929 F.3d at 1311. First, the plaintiff "must establish that the defendant violated a

constitutional right." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007). Second, the plaintiff must show the right violated was "clearly established." *Id.* In the past, courts considered those prongs in order. *Corbitt*, 929 F.3d at 1311. Now, courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

    *1. First Amendment*

On the First Amendment claim, Metz has not shown violation of a clearly established right.

"For a right to be clearly established, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Corbitt*, 929 F.3d at 1311 (alteration accepted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "This is because 'officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases,' and an 'official's awareness of the existence of an abstract right does not equate to knowledge that *his* conducted infringes the right.'" *Id.* (alteration accepted) (quoting *Coffin v. Brandau*, 642 F.3d 999, 1015 (11th Cir. 2011)). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of the pre-existing law the unlawfulness must be apparent." *Creighton*, 483 U.S. at 640. "Indeed, the 'salient question is whether the state of the law gave the defendants fair warning that their alleged conduct was unconstitutional.'" *Corbitt*, 929 F.3d at 1312 (alteration accepted) (quoting *Vaughan v. Cox*, 343 F.3d 1323, 1332 (11th Cir. 2003)).

Metz claims a First Amendment violation of his "right to free press" and "right to record in public." (Doc. 24 at 3). But he cannot show a violation of a clearly established right to either.

Preliminarily, there are no allegations on Metz's free press claim. While Metz went to the Administration Building "to do a story" on a no recording sign, there are no other facts supporting an independent violation of a clearly established First Amendment right to free press. So the Court considers this as part of Metz's right to record claim.

By this point, the First Amendment right to record police activity in public is probably clearly established. *E.g.*, *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). This right is "subject to reasonable time, manner and place restrictions." *Id.* Yet the right to record within a government building or nonpolice public employees working inside a government building is another matter. In a recent, similar case, neither the parties nor the Court could not find any controlling law on that point. *Sheets v. City of Punta Gorda, Fla.*, No. 2:19-cv-484-FtM-38MRM, 2019 WL 6251361 (M.D. Fla. Nov. 23, 2019). If a courtroom full of lawyers found the contours of this purported right unsettled after exhaustive research and argument, the Court will not hold Hines to a higher standard. *See Coffin*, 642 F.3d at 1015 ("[I]t would be inappropriate to hold government officials to a higher level of knowledge and understanding of the legal landscape than that displayed by judges whose everyday business it is to decipher the meaning of judicial opinions." (citation omitted)). There are thus no allegations for the violation of a clearly established right.

Moreover, as Hines points out, there are no allegations on Metz recording anyone or recording being the reason he was kicked out of the Administration Building. The

6

Amended Complaint, therefore, fails to even suggest Metz was engaged in First Amendment protected conduct.

On the allegations in the Amended Complaint, Hines is entitled to qualified immunity for this First Amendment claim.

*2. Fourteenth Amendment*

Likewise, the Amended Complaint does not allege violation of a clearly established Fourteenth Amendment right. Even liberally construed, there are no allegations about Hines violating any Fourteenth Amendment right, except maybe the statement she wanted him out of the Administration Building. Nothing suggests Metz was issued a trespass warning or barred from entering the Administration Building in the future. In sum, the Amended Complaint simply alleges a "due process" violation with no explanation. (Doc. 24 at 3). That is not enough. *See, e.g.*, *Chesser v. Sparks*, 248 F.3d 1117, 1122 (11th Cir. 2001) ("A plaintiff cannot avoid the qualified immunity defense by referring to general rules and to the violation of abstract rights." (internal quotation marks and citation omitted)); *Joseph v. Gee*, 708 F. App'x 642, 643-44 (11th Cir. 2018). So based on these facts, Hines is also entitled to qualified immunity for the Fourteenth Amendment claim.

**C. Leave to Amend**

Hines argues leave to amend should be denied. The Court disagrees—Metz has one final opportunity to provide an adequate pleading. The Court dismissed before because the complaint on the docket was incomplete for technological, not legal, reasons. (Doc. 23 at 2-3). Nor is there any indication that Metz does not want to amend, and the pleading is so bare that the Court cannot say a carefully drafted complaint could not state a claim. *See Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

7

So the Court believes this case calls for "an extra dose of grace" to allow a *pro se* plaintiff to amend. See *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132-33 (11th Cir. 2019). But Metz should know that this is his last chance to amend. If he files another deficient complaint or fails to file one at all, this case will likely be dismissed.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. 25) is **GRANTED**.

1. Plaintiff's Amended Complaint (Doc. 24) is **DISMISSED without prejudice**.
2. Plaintiff must **FILE** an amended complaint **on or before December 24, 2019**. **The failure to do so may result in the dismissal of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of December, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record